UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEPHEN DALE,

Plaintiffs,

v.

USA, *et al.*,

Defendants.

Case No. 3:26-cv-00579-MMD-MDC

ORDER

*Pro se* Plaintiff Stephen Dale brings this civil-rights action under 42 U.S.C. § 440. (ECF No. 1-1) On August 3, 2026, the Magistrate issued a Report & Recommendation ("R&R"), recommending dismissal of Dale's complaint with leave to amend and ordering him to file an amended complaint within 30 days of a decision on the R&R. (ECF No. 3.) Dale's mail was returned as undeliverable on August 19, 2026 (ECF Nos. 4, 5.) The Court ordered Dale to file notice of his current address by September 7, 2026. (ECF No. 6.) The Court warned that the action would be dismissed without prejudice if Dale failed to file the notice by the deadline. (*Id.*) The deadline has expired without a change of address or amended complaint by Dale.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Dale's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Dale files a notice of change of address, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances

here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Dale's failure to file a notice of change of address in compliance with the Court's order on August 24, 2026. The Court accordingly rejects the R&R (ECF No. 3) as moot.

It is further ordered that Dale's application to proceed in forma pauperis (ECF No. 1) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. If Dale wishes to pursue his claims, he must file a complaint in a new case, under a new case number, and address the matter of the filing fee.

DATED THIS 10th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE